IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GENEVA LANGWORTHY,

    Plaintiff,

v.                                                                                                     No. 1:24-cv-1291-SCY-KRS

EDWARD ALCON, in his personal and
professional capacities,

    Defendant.

### ORDER GRANTING MOTION TO FILE ELECTRONICALLY

    Plaintiff filed a "Motion For Leave To File Electronically." (Doc. 8). The Motion itself does not give a reason why Plaintiff needs access to electronic filing (other than asserting that Plaintiff has a Pacer account). However, Plaintiff attached an email to the Motion, sent by her to a Case Administrator in the Clerk's office, in which Plaintiff explains that she does not have access to printing or to U.S. postal mail "due to [her] disabilities and the remote area where [she] live[s]." (Doc. 8-1).

    The Court grants Plaintiff permission to file electronically using CM/ECF in this case only. *See* CM/ECF Administrative Procedures Manual § 4(b)(1) (Rev. June 2024) ("Upon receipt of a Notice of Electronic Filing (NEF), the recipient will have one opportunity to review, save, and print the document without incurring any PACER fees"). The Court will revoke permission to file electronically if Plaintiff abuses his electronic filing privilege or fails to comply with the rules and procedures in the District of New Mexico's Guide for Pro Se Litigants and the District of New Mexico's CM/ECF Administrative Procedures Manual. Account registration forms, procedure manuals, and other information can be obtained at the Court's website at http://www.nmd.uscourts.gov/filing-information. This Order only grants Plaintiff permission to

participate in CM/ECF; Plaintiff is responsible for registering to become a participant. *See* CM/ECF Administrative Procedures Manual, District of New Mexico (Revised June 2024).

The Court grants Plaintiff's Motion notwithstanding the improper, and frankly offensive, rhetoric contained in the Motion. Plaintiff objects to this Court's rules, which require pro se parties to obtain permission from the Court to file electronically, asserting that the rule is "bullsh*t," and that this Court treats "Citizens" less favorably than "thieving lawyers." Among other things, she refers to this Court as a "Kangaroo Court"; says she looks forward to "the time when judges are replaced by AI"; and attacks Defendant "for hunting [her] down like a runaway slave for no f*cking reason." (Doc. 8).

Plaintiff is forewarned that future filings containing vexatious, abusive, or harassing language will be rejected for filing and returned to her, or, if filed electronically, stricken from the docket with possible revocation of this order allowing Plaintiff to file electronically. *See, e.g., Skolnick v. Hallett*, 350 F.2d 861, 862 (7th Cir. 1965) (holding that the district court was "fully warranted in striking" a pro se complaint, which "was replete with scurrilous, offensive and objectionable allegations principally leveled at [the state court judge]" (citing Fed. R. Civ. P. 12(f) (providing that a district court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter"))). While Plaintiff may not fully understand the purpose behind the rules that govern proceedings in this Court, she is cautioned that she must follow those rules. *See, e.g., Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'" (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)). The consequences of failing to do so may include the imposition of monetary sanctions, or even the dismissal of Plaintiff's claims coupled with future filing restrictions. *See Nissen v. Biden*, No. 1:24-CV-00274-WJ-KK, 2024 WL 2132048 (D.N.M.

May 13, 2024) (Memorandum Opinion and Order Imposing Filing Restrictions, Denying Motion For Reconsideration And Denying Motion For Default Judgment). Plaintiff should keep in mind that "federal courts have inherent power to sanction abusive litigation practices 'to protect the efficient and orderly administration of justice and ... to command respect for [their] orders, judgments, procedures, and authority.'" *Merkle v. Gragg,* No. SA-19-CV-640-XR, 2020 WL 2611858, at *6 (W.D. Tex. May 22, 2020) (quoting *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993)). If Plaintiff is frustrated with a rule or procedure, she is urged to seek clarification and/or help from appropriate sources rather than engage in *ad hominem* attacks directed at this Court, other federal judges, or individuals/parties involved in these proceedings.

**FOR THE FOREGOING REASONS,** Plaintiff's Motion For Leave To File Electronically, Doc. 8, filed January 3, 2025, is **GRANTED.**

**IT IS SO ORDERED** this 8th day of January, 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE