# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

GENEVA LANGWORTHY,           )
                                    )
            Plaintiff,           )
                                    )
v.                               )          No. 1:24-cv-1291-MLG-KRS
                                    )
EDWARD ALCON,              )
                                    )
            Defendant.       )

## ORDER DENYING PLAINTIFF'S MOTIONS TO DISQUALIFY DEFENSE COUNSEL [27] AND FOR APPOINTMENT OF COUNSEL [41]

This matter is before the Court on Plaintiff's Motion to Disqualify Counsel (Doc. 27) and Plaintiff's Motion For Appointment of Counsel (Doc. 41). Both motions are nondispositive,[1] and thus within the undersigned's authority to decide. *See* 28 U.S.C. § 636(b)(1)(A)).[2] For the reasons below, both motions are denied.

---

[1] *See, e.g., Hutchinson v. Pfeil*, 105 F.3d 562, 565 (10th Cir. 1997) (stating that a motion to disqualify counsel is "among the nondispositive matters which a magistrate judge may decide"); *Manila v. Guerrero*, No. 1:18-CV-00003, 2021 WL 1845995, at *3 (D. N. Mar. I. May 10, 2021) (quoting 12 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 3068.1 (3d ed. 2002) (noting that motions to disqualify counsel are "easily classified as 'pretrial'"))); *O'Hanlon v. AccessU2 Mobile Sols., LLC*, No. 18-CV-00185-RBJ-NYW, 2019 WL 1081079, at *4 (D. Colo. Jan. 22, 2019) (holding that the plaintiff's motion to disqualify counsel could not dispose of any claims or defenses, and therefore was nondispositive); *Howden v. Marcantel*, No. 2:14-cv-00459-MCA-GBW, 2014 WL 12789681, at *1 (D.N.M. July 17, 2014) ("Motions to appoint counsel raise a 'nondispositive matter' that I have authority to decide under 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72."); *Alvey v. Janecka,* No. CIV 06-0446 RB/WPL, 2006 WL 8443887, at *1 (D.N.M. Sept. 22, 2006) (construing pro se plaintiff's appeal from magistrate judge's order denying motion for appointment of counsel as an objection to a nondispositive, pretrial order of the magistrate judge).

[2] If there is any doubt regarding the nondispositive nature of the issues decided herein, this Order may be construed as the undersigned's proposed findings and recommended disposition pursuant to the District Judge's Order of Referral. *See* (Doc. 22). In either case, the parties have fourteen (14) days from entry of this Order to file objections with the district judge. *See* FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1). The party's objections must be both timely and specific to preserve an issue for review by the district court or appellate court. *See United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

**Background**

Pro se Plaintiff Geneva Langworthy, a resident of Colfax County, New Mexico, alleges that Colfax County Sheriff Deputy Edward Alcon violated her constitutional rights when he, along with a third party named Todd Tatum, trespassed on her property on several occasions between 2020 and 2023. (Doc. 1-2, ¶¶ 1-2). Plaintiff also complains that she "attempted to press charges against Tatum for continuing to trespass on her road [Jaybird Lane] and to harass and intimidate her," but that "[t]he call was assigned to Alcon, who completely denied assistance or protection to [her]" because he said "he didn't know whether the road was private." (*Id.* ¶ 3). Plaintiff filed her original complaint November 27, 2024 in Colfax County state court, alleging what appear to be claims for unlawful search and seizure and violations of her right to equal protection under the law. Defendant Alcon, represented by Attorney Carlos M. Quiñones, removed the case to this Court on December 23, 2024, alleging federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Doc. 1). Alcon filed an answer to the complaint on December 30, 2024. (Doc. 3). Since then, Plaintiff has filed a number of motions, including the two presently before the Court.

**Discussion**

**A.    Motion To Disqualify Counsel**

"It is well-established that ordinarily 'the control of attorneys' conduct in trial litigation is within the supervisory powers of the trial judge,' and is thus a matter of judicial discretion." *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1383 (10th Cir. 1994) (quoting *Redd v. Shell Oil Co.*, 518 F.2d 311, 314 (10th Cir. 1975)). Courts generally give a motion to disqualify opposing counsel "serious, conscientious, and conservative treatment," mindful that such motions "can be used as a part of the litigation strategy, … or as a technique for harassing the other side." *Koch v. Koch Indus.*, 798 F. Supp. 1525, 1530 (D. Kan. 1992) (citing S*mith v. Whatcott*, 757 F.2d 1098, 1100

(10th Cir.1985); *Professional Service Industries, Inc. v. Kimbrell*, 758 F. Supp. 676, 680 (D. Kan. 1991); and *Panduit Corp. v. All States Plastic Mfg. Co.*, 744 F.2d 1564, 1577 (Fed. Cir. 1984)); *see also Moore v. Metro. Tulsa Transit Auth.,* 751 F. Supp. 3d 1263, 1270 (N.D. Okla. 2024) ("Motions seeking the disqualification of opposing counsel are 'viewed with suspicion, and the Court must guard against the possibility that disqualification is sought to secure a tactical advantage in the proceedings.' Overall, disqualification is an 'extreme sanction.'" (internal citations omitted)). "The court generally defers the issues of ethics to the appropriate disciplinary machinery except in those cases where the challenged conduct threatens to taint the process. The court decides the motion on the facts peculiar to each case in an effort to balance carefully the interest of protecting the integrity of the process against the right of a party to the counsel of its choice." *Koch,* 798 F. Supp. at 1530 (internal citations omitted). "The right to counsel of choice is an important one subject to override for compelling reasons. Even so, this right is secondary in importance to preserving the integrity of the judicial process, maintaining the public confidence in the legal system and enforcing the ethical standards of professional conduct." *Id.* at 1530 n.2 (internal citations omitted). The burden of proving the grounds for disqualification is on the moving party,[3] and the proof must be sufficient to "sustain a reasonable inference of a violation." *Id.* at 1530-31. Mere speculation will not do. *Id.*

Plaintiff gives several reasons why Attorney Quiñones should be disqualified from representing Defendant Alcon. First she contends that she called the Colfax County Sheriff's Office to report a trespasser on her property, but that no deputy ever responded to her call. (Doc.

---

[3] Some courts have held that the "[t]he party moving for disqualification bears the initial burden of going forward with evidence sufficient to establish a prima facie case that disqualification is warranted," but that "[t]he ultimate burden of proof … lies with the attorney or firm whose disqualification is sought." *Am. Plastic Equip., Inc. v. Toytrackerz, LLC*, No. CIV.A. 07-2253-DJW, 2009 WL 902424, at *5 (D. Kan. Mar. 31, 2009) (citations omitted).

27 at 2). She then made a public records request to obtain the record of her call for assistance to the Sheriff's Office. The Sheriff's Office responded to her records request with a letter from its attorney, and Plaintiff asserts that Attorney Quiñones was copied on the attorney's letter. (*Id.* at 4).[4] Based on these facts and her characterization of the records request as being "well outside the scope of Quiñones' representation of Alcon" (*id.*), Plaintiff argues that "it's apparent that the refusal of sheriff deputies to respond to Langworthy is occurring on the advice of Quiñones," and, "[f]or that, he should be disqualified." *Id.* Plaintiff also cites an email sent to her by Colfax County Sheriff's Deputy Matthew Dean in which Dean outlines the steps he intends to take in investigating Plaintiff's trespass reports to the Sheriff's Office. According to Plaintiff, the "wording" and "timing" of the email "strongly suggest that Carlos Quiñones is advising the Colfax County Sheriff to refuse to respond to [Plaintiff], and to deny her services." (*Id.* at 7). Additionally Plaintiff argues that Attorney Quiñones should be disqualified because "he keeps trying to speak directly to [her]," which she contends "is inappropriate because she is a party and a victim of police misconduct and abuse." (*Id.* at 8). Finally, Plaintiff asserts that Attorney Quiñones should be disqualified because his "ethnicity … has the effect of further traumatizing [her]" due to her having suffered "45 years of being victimized by Hispanics." (*Id.*).

"Motions to disqualify are governed by two sources of authority: (1) the local rules governing attorney conduct of the court in which the attorney appears; and (2) "the ethical rules announced by the national profession and considered 'in light of the public interest and the litigants' rights.'" *Cole*, 43 F.3d at 1382 (citations omitted). The District Court of New Mexico has adopted the New Mexico Rules of Professional Conduct, *see id.*, but Plaintiff does not argue

---

[4] Plaintiff purports to include an excerpt of the letter showing Attorney Quiñones was copied on the letter, but the excerpt is illegible.

that Attorney Quiñones has violated any specific Rule of Professional Conduct. Because Plaintiff appears pro se, the Court liberally construes her filings and holds them to less stringent standards than formal filings drafted by lawyers. *See United States v. Trent*, 884 F.3d 985, 993 (10th Cir. 2018). However, the Court will not act as Plaintiff's advocate by constructing arguments for her. *See, e.g., Ledford v. Krieger*, No. 23-CV-02320-CNS-MDB, 2024 WL 1858504, at *2 (D. Colo. Apr. 29, 2024). "The Tenth Circuit 'has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.' As such, 'the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues.'" *Waggoner v. Marsh*, No. 25-CV-00254-JFH-SH, 2025 WL 2206404, at *3 (N.D. Okla. Aug. 4, 2025) (quoting *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted), and *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991)).

More importantly, even if Plaintiff had made an argument for why "advising the Colfax County Sheriff to refuse to respond to [Plaintiff]" violates the New Mexico Rules of Professional Conduct, her accusations against Attorney Quiñones to that effect are nothing more than innuendo and speculation. The Court cannot discern from the email Plaintiff claims to have received from Colfax County Sheriff Deputy Dean as set forth in Plaintiff's motion (Doc. 27 at 7) anything that might suggest that Attorney Quiñones is advising the Sheriff's Office to do anything illegal or improper. Nor can the Court surmise any misconduct by Attorney Quiñones having been copied on any correspondence from the Sheriff's Office or its legal counsel. Attorney Quiñones is legal counsel for Defendant Alcon, a party whose interests align with the Sheriff's Office. As potential co-defendants, it is not surprising that legal counsel for the Sheriff's Office and Defendant Alcon might share information. Contrary to Plaintiff's assertion, the records request is not unrelated to this litigation, as Plaintiff herself states that she requested records of her calls for assistance

concerning the alleged trespasses that are the subject of this lawsuit. At most, one might argue that the alleged facts recited by Plaintiff concerning Attorney Quiñones's involvement with the Colfax County Sheriff's Office *could* suggest that he could possibly be a witness in the case, which would implicate New Mexico Rule of Professional Conduct 16-307, providing that, subject to certain exceptions, "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness." But Plaintiff cites no facts to suggest Attorney Quiñones is likely to be a *necessary* witness.[5] Furthermore, "[d]isqualification is not warranted automatically upon a finding that an attorney has violated a disciplinary rule." *Moore,* 751 F. Supp. 3d at 1270 (citation omitted). "The critical inquiry is whether the litigation can be conducted in fairness to all parties. Disqualification should not be imposed unless the claimed misconduct in some way 'taints' the trial or the legal system." *World Youth Day, Inc. v. Famous Artists Merch. Exch., Inc.,* 866 F. Supp. 1297, 1303 (D. Colo. 1994) (internal citation omitted).[6] At least at this juncture in the proceedings, there is no basis in the record for finding that standard has been met here.

That Attorney Quiñones has attempted to contact Plaintiff also is not improper. Plaintiff is representing herself in this matter, and the Local Rules require that opposing counsel consult with one another from time to time on matters related to the litigation. *See, e.g.,* D.N.M. LR-Civ. 7.1(a) (providing that a party who intends to file a motion must first consult his or her opponent to ask whether the motion will be opposed); *Emp. L. Grp., P.C. v. San Diego Emp. L. Grp.,* No. 20-CV-

---

[5] *See In re Waldrop,* No. 15-14689-JDL, 2016 WL 6090849, at *5 (Bankr. W.D. Okla. Oct. 18, 2016) (holding that "where only the moving party intends to call the adversary's attorney as a witness, the party seeking disqualification must demonstrate both that: (1) the lawyer's testimony is 'necessary'; and (2) there exists a substantial likelihood that the testimony would be prejudicial to the witness-advocate's client").

[6] *See also Am. Plastic Equip., Inc.,* 2009 WL 902424, at *7 (disqualifying attorney "from acting as an advocate at trial, evidentiary hearings, and depositions," but not "from participating in non-evidentiary activities such as non-evidentiary hearings, motion hearings and court conferences or from filing pleadings and motions in this case").

1852 (JDB), 2021 WL 3931872, at *4 (D.D.C. Sept. 2, 2021) ("[T]his District's mandatory meet-and-confer procedure for non-dispositive motions presupposes that counsel and pro se parties will be available for communication with opposing counsel."). Plaintiff cites no legal authority to support her contention that, because she is a party and allegedly a victim of police misconduct and abuse, she is excused from the conferral requirements imposed by local rules of procedure in a lawsuit that *she* has voluntarily brought. Nor will the Court countenance disparaging remarks about opposing counsel's ethnicity, regardless of Plaintiff's asserted "trauma" from unrelated persons and events that appear to have nothing to do with opposing counsel. Once again, Plaintiff chose to bring this litigation, and cannot dictate her opponent's choice of counsel based on her own preferences and desires.

"Typically, ethical violations that require disqualification involve '(1) a conflict of interest that prevents zealous advocacy or (2) the potential use of privileged or confidential information about one party that would give an unfair advantage to a present client.'" *Trial Laws. Coll. v. Gerry Spences Trial Laws. Coll. at Thunderhead Ranch*, No. 120CV00080JMCGJF, 2022 WL 2339586, at *5 (D. Wyo. June 29, 2022), *report and recommendation adopted*, No. 1:20-CV-80-JMC, 2022 WL 3362185 (D. Wyo. July 15, 2022). Plaintiff's motion fails to identify any factual matters that would implicate either of those concerns. That Plaintiff's reasons for seeking disqualification have nothing to do with either of those concerns is shown by the fact that Plaintiff states in her motion that appropriate alternative relief to disqualifying opposing counsel would be for the Court to appoint counsel to represent her. *See* (Doc. 27 at 8). In short, virtually nothing in the motion addresses "the rigorous legal standards for bringing a motion to disqualify." *Doe v. Santa Fe Pub. Sch.*, No. CV 23-1025 GBW/JFR, 2025 WL 1426572, at *6 (D.N.M. May 16, 2025). Accordingly, the motion must be denied.

### B.    Motion To Appoint Counsel

As noted, Plaintiff's disqualification motion asks the Court to "alternatively, appoint counsel to [represent] [her]." (Doc. 27 at 8). Plaintiff then filed a separate motion for appointment of counsel on April 23, 2025. (Doc. 41). Plaintiff's motion for appointment of counsel states that her income consists of $300 per week in disability payments, and that she has $20 in her checking/savings account(s). (*Id.* at 2). Although she alleges in the complaint that Defendant Alcon trespassed on her private property, her private property is not mentioned in her motion for appointment of counsel. Instead, the only real estate, stocks, bonds, automobiles, boats or other valuable property owned by her that she identifies in her motion is a 2006 Scion worth $1,000. (*Id.*). Her motion states that she contacted only one attorney, who declined to represent her in this matter. Plaintiff further states in the motion that she has been "wiped out financially" from the cost of retaining attorneys in 2015-2017. (*Id.* at 4-5). She asks the Court to appoint counsel to represent her because (1) her "only source of income is SSDI"; (2) she "suffer[s] from Post-Traumatic Stress Disorder," "tend[s] to decompensate in hearings," and is "not really competent to self-represent because of [her] disabilities"; and (3) she has "had a lot of bad experiences with judges." (*Id.* at 5).

"[C]ivil litigants have no right to counsel." *Witmer v. Grady County Jail*, 483 Fed. Appx. 458, 462 (10th Cir. 2012). The decision to appoint counsel is left to the "extremely broad" discretion of the district court. *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992). While courts have authority to "*request* an attorney to represent a litigant who is proceeding in forma pauperis," *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (emphasis added), the Court cannot "*require* an unwilling attorney to represent an indigent litigant in a civil case," *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (emphasis added). Congress has not provided any mechanism, process, or funds to pay appointed counsel.

*See* 28 U.S.C. § 1915(e)(1) (stating that the "court *may request* an attorney to represent any person unable to afford counsel" (emphasis added)). Thus, the Court not only considers the benefits of having a represented plaintiff, but also the hardship imposed on an attorney who is appointed to serve without remuneration or compensation, as well as without assurance that he or she would have funds available to assist in the investigation of claims, conduct formal discovery, retain experts, pay witness fees, or otherwise defray the costs of litigation.

Initially, the Court denies Plaintiff's motion to appoint counsel because the Court does not have the authority to appoint counsel. *Rachel v. Troutt*, 820 F.3d 390, 396–97 (10th Cir. 2016) (the court cannot appoint counsel; instead, the court can only ask an attorney to take the case). The Court also declines to request legal representation for Plaintiff. In reaching its decision, the Court considered "the merits of Plaintiff's claims, the nature of the claims, [Plaintiff's] ability to present the claims, and the complexity of the issues." *Id.* at 397. Plaintiff states she needs help because of her disability, but it appears that Plaintiff is sufficiently able to present her claims, as shown by the fact that she has filed numerous motions already, as well as numerous other lawsuits in this district over the years.[7] The Court refers Plaintiff to the District of New Mexico's Guide for Pro Se Litigants (October 2022) which, on page 6, lists resources for legal representation. Moreover, Plaintiff's claims do not appear to involve complex legal or factual issues, and they are yet to be tested for legal sufficiency, making it premature for the Court to determine at this time whether Plaintiff "clearly deserv[es]… an opportunity to obtain legal representation." *Moaz v. Denver Int'l Airport*, 747 Fed. Appx. 708, 711 (10th Cir. 2018) (quoting *Rachel,* 820 F.3d at 397).

---

[7] *See, e.g., Langworthy v. Colfax Cnty*, 1:25-cv-18-KG-KK (filed Jan. 8, 2025); *Langworthy v. State of New Mexico*, 1:24-cv-1229-KG-LF (filed Dec. 5, 2024); *Langworthy v. Seidel*, 1:23-cv-1028-DHU-JFR (filed Nov. 20, 2023); *Langworthy v. N.M. State Police,* 1:23-cv-684-DHU-JFR (filed Aug. 17, 2023); *Langworthy v. Colfax Cnty. Sheriff*, 1:23-cv-997-DH-JFR (filed Nov. 13, 2020).

### C.    Notice Regarding Compliance with Orders and Rules

The Court also takes this opportunity to provide Plaintiff with notice regarding her responsibilities as a pro se litigant. In particular, Plaintiff has a responsibility to become familiar with and complying with the Federal and Local Rules of Civil Procedure. *See Oklahoma Radio Assoc. v. Fed. Dep. Ins. Corp.*, 969 F.2d 940, 942 (10th Cir. 1992) ("the Federal Rules of Civil Procedure have the force and effect of a federal statute").

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed. Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

The Court and the parties have a responsibility to administer the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. If Plaintiff were to continue to not comply with Court Orders and the Federal and Local Rules of Civil Procedure after having been notified of her obligation to comply, then such failure to comply may indicate Plaintiff is either unwilling or unable to comply. *See* Fed. R. Civ. P. 11(b) (by filing documents with the Court, attorneys and pro se parties certify that the documents are "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"). If Plaintiff is unwilling or unable to comply with Court

Orders and the Federal and Local Rules of Civil Procedure, the Court may issue orders to ensure the speedy and inexpensive determination of this case, such as imposing filing restrictions or dismissing this case.

### Conclusion

**FOR THE FOREGOING REASONS,** Plaintiff's Motion To Disqualify Counsel, Doc. 27, and Motion For Appointment of Counsel, Doc. 41, are **DENIED without prejudice.** Should the circumstances change, Plaintiff may renew either of her motions at a later date.

IT IS SO ORDERED this 15th day of August, 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE