## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

GENEVA LANGWORTHY,

      Plaintiff,

v.                              Civ. No. 1:24-cv-01291-MLG-KRS

EDWARD ALCON, *in his personal and
professional capacities,*

      Defendant.

## ORDER DENYING PLAINTIFF'S MOTIONS [DOCS. 25, 34, AND 35] WITHOUT PREJUDICE AND GRANTING DEFENDANT'S MOTION TO STRIKE [DOC. 26]

**THIS MATTER** is before the Court on *pro se* Plaintiff Geneva Langworthy's ("Plaintiff")

Motion for Service by the US Marshalls Office, (Doc. 25), First Motion to Amend Complaint,

(Doc. 34), and Second Motion to Amend Complaint, (Doc. 35), as well as Defendant Edward

Alcon's ("Defendant Alcon") Motion to Strike Plaintiff's Notice of Joinder of Parties (Doc. 18)

and First Amended Complaint (Doc. 19), (Doc. 26). All motions are nondispositive,[1] and thus

---

[1] The Tenth Circuit has not decided in a published opinion whether a motion to amend the complaint is dispositive and declined to do so in *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1246 (10th Cir. 2015). The Tenth Circuit has generally treated motions to amend as nondispositive in its unpublished opinions. *See Lewis v. Clark*, 663 F. App'x 697, 702 (10th Cir. 2016) (unpublished) (stating magistrate judge denied motion to amend complaint in a nondispositive pretrial order); *Franke v. ARUP Labs, Inc.*, No. 10-4045, 390 F. App'x. 822, 828, (10th Cir. Aug. 16, 2010) (unpublished) (noting that a "motion to amend [is] a nondispositive pretrial matter that the magistrate judge was authorized to decide pursuant to 28 U.S.C. § 636(b)(1)(A)"); *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (unpublished) (upholding magistrate judge's denial of untimely motion to amend complaint for failing to demonstrate good cause to amend). And other Circuits have explicitly held that motions to amend are not dispositive. *See Patel v. Meridian Health Sys., Inc.*, No. 15-3859, 666 Fed. Appx. 133 (3d Cir. Nov. 15, 2016) (unpublished) (citations omitted). Given these authorities, the Court finds that it has authority to rule on Plaintiff's pending motions to amend the complaint.

Similarly, the Court finds it has authority to decide Defendant Alcon's Motion to Strike. Under Rule 72(a) of the Federal Rules of Civil Procedure, "a magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting for the disposition of the matter." Normally, the striking of Plaintiff's Notice of Joinder and First Amended Complaint would foreclose her claims if the Court were to strike added parties and/or causes of action. Here, as discussed thoroughly *infra*, the Court is striking without prejudice. Meaning, Plaintiff may file a motion to amend her complaint in compliance with the Local and Federal Rules of Civil Procedure. The Court is thus not issuing a dipositive ruling on parties and/or causes of action.

within the undersigned's authority to decide. *See* 28 U.S.C. § 636(b)(1)(A)).[2]

Having considered the motions and record of the case, the Court **FINDS** that, Plaintiff's Motion for Service and Motions to Amend (Docs. 25, 34, and 35), shall be **DENIED without prejudice**. The Court further **FINDS** that Defendant's Motion to Strike, (Doc. 26), shall be **GRANTED**. The Court will **STRIKE** Plaintiff's Notice of Joinder of Parties, (Doc. 18), Amended Complaint, (Doc. 19), and Supplement to Proposed Second Amended and Supplemental Complaint, (Doc. 39).

## I.  PROCEDURAL POSTURE

*Pro se* Plaintiff, a resident of Colfax County, New Mexico, alleges that Defendant Alcon violated her constitutional rights when he, along with a third party named Todd Tatum, trespassed on her property on several occasions between 2020 and 2023. (Doc. 1-2, ¶¶ 1-2). Plaintiff also complains that she "attempted to press charges against Tatum for continuing to trespass on her road [Jaybird Lane] and to harass and intimidate her," but that "[t]he call was assigned to Alcon, who completely denied assistance or protection to [her]" because he said "he didn't know whether the road was private." (*Id.* ¶ 3). Plaintiff filed her original complaint on November 27, 2024, in Colfax County state court, alleging what appear to be claims for unlawful search and seizure and violations of her right to equal protection under the law. (Doc. 1-2). That same day, Plaintiff emailed the Colfax County Sheriff's Department a copy of the summons and complaint and requested it effect service on Defendant Alcon, a Deputy with the Colfax County Sheriff's Department. (Docs. 1-3, 13-5). On December 23, 2024, before Plaintiff formally served Defendant

---

[2] If there is any doubt regarding the nondispositive nature of the issues decided herein, this Order may be construed as the undersigned's proposed findings and recommended disposition pursuant to the District Judge's Order of Referral. *See* (Doc. 22). In either case, the parties have fourteen (14) days from entry of this Order to file objections with the district judge. *See* FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1). The party's objections must be both timely and specific to preserve an issue for review by the district court or appellate court. *See United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Alcon, Defendant Alcon removed the case to this Court alleging federal question jurisdiction pursuant to 28 U.S.C. § 1331.[3] (Doc. 1). On December 30, 2024, Defendant Alcon filed an Answer in this Court. (Doc. 3).

On February 7, 2025, Plaintiff filed a Notice of Joinder of Parties ("Notice of Joinder"), (Doc. 18), and a First Amended Complaint, (Doc. 19). In the Notice of Joinder, Plaintiff identified Deputy Matthew Dean ("Dean") and Paul May ("May") as new defendants. (Doc. 18) at 1. Plaintiff's First Amended Complaint alleges Dean and May conducted an illegal search and seizure in violation of the Fourth Amendment. *See generally* (Doc. 19). Since then, Plaintiff has filed a number of motions and amended complaints, including those presently before the Court.

## II.   <u>LEGAL STANDARDS</u>

Plaintiff's "pro se . . . pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Still, the Court may not "serv[e] as the litigant's attorney in constructing arguments and searching the record." *Id.* (citation omitted).

## III.   <u>DISCUSSION</u>

Before moving to the merits of the parties' motions and filings, I must discern whether this matter is properly before this Court. Plaintiff intimates that this Court does not have jurisdiction because Defendant Alcon was not served prior to removal. (Doc. 25) at 1-2. The practice of removing to federal court prior to service of a forum defendant is generally referred to as, "snap removal." *See generally Woods v. Ross Dress for Less, Inc.*, 833 F. App'x 754 (10th Cir. 2021). Snap removal is typically prohibited in matters removed under diversity jurisdiction. *See id.*

---

[3] As a preliminary matter,

Moreover, "'[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names a defendant.'" *Tortella v. RAKS Bldg. Supply, Inc.*, 758 F. Supp. 3d 1323, 1327 (D.N.M. 2024) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (first citing *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987), and then citing *Miss. Pub. Corp. v. Murphree*, 326 U.S. 438, 444-45 (1946)). The lack of service of process in a snap removal is a procedural defect. Procedural defects, unlike subject matter jurisdiction, must be raised within 30-days of removal and may not be raised *sua sponte*. *City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1092 (10th Cir. 2017); *see* 28 U.S.C. § 1447(c). Here, Plaintiff did not move to remand within 30-days after removal. The Court thus finds Plaintiff's time to remand on the basis of a procedural defect has lapsed. *See* 28 U.S.C. § 1447(c). Therefore, this Court maintains federal question jurisdiction pursuant to 28 U.S.C. § 1331.

## A.    DEFENDANT ALCON'S MOTION TO STRIKE (Doc. 26)

On February 17, 2025, Defendant Alcon filed a Motion to Strike Plaintiff's "Notice of Joinder" (Doc. 18) and "First Amended Complaint" (Doc. 19) ("Motion to Strike"). (Doc. 26). Defendant Alcon contends Plaintiff's Notice of Joinder and First Amended Complaint are improper because both were filed more than 21-days after Defendant Alcon was "served." *Id.* at 2. Defendant Alcon asserts service occurred when Plaintiff emailed the Colfax County Sheriff's Department a copy of the summons and complaint and asked it to serve Defendant Alcon, a deputy with the Colfax County Sheriff's Department. *Id.*; (Doc. 32) at 2. Hence, Plaintiff was required to seek leave from the Court or consent from Defendant Alcon pursuant to Federal Rule of Civil Procedure 15(a)(2) prior to filing either document. (Doc. 26) at 3; (Doc. 32) at 2-3. On March 3, 2025, Plaintiff filed a response raising new factual allegations pertaining to the Colfax County

Sheriff's Department. *See generally* (Doc. 29). Her only legal argument pertaining to the Motion to Strike is that the Federal Rules of Civil Procedure grant her the right to amend her complaint once without leave of court. *Id.* at 4.

Pursuant to Rule 15, a party may, as a matter of course, amend a pleading 21-days after serving it or within 21-days of service of a responsive pleading or motion. Fed. R. Civ. P. 15(a)(1). After a responsive pleading has been served, a party may amend their pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2); *see also Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). Rule 15 intends to provide parties with "maximum opportunity for each claim to be decided on the merits" instead of "procedural niceties." *Minter*, 451 F.3d at 1204.

Here, the Court must first determine whether Plaintiff timely filed the Notice of Joinder and First Amended Complaint. The initial complaint in this matter was originally filed in state court, therefore, the Court looks to New Mexico rules regarding service of process. The New Mexico rules of service of process do not provide for service by email. *See* Rule 1-004 NMRA. Thus, Plaintiff is correct that the mere act of emailing the summons and complaint to the Colfax County Sheriff's Department did not constitute as formal service under the New Mexico rules. Notwithstanding, Plaintiff has not cited any and this Court has found no authority prohibiting snap removals in federal question jurisdiction cases. The Supreme Court of the United States has held that an individual "named as a defendant is not *obliged* to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (emphasis added). In other words, Defendant Alcon's time to remove was not triggered by Plaintiff's email of the summons and complaint, but, under the circumstances presented here, he could initiate the removal process based

5

upon federal question jurisdiction. Consequently, Defendant Alcon's subsequent responsive pleading on December 30, 2024, triggered Plaintiff's 21-day deadline to file an amended complaint or notice of joinder as a matter of course. Plaintiff, however, filed the Notice of Joinder and First Amended Complaint on February 7, 2025, thirty-nine (39) days after Defendant Alcon's responsive pleading. Plaintiff's Notice of Joinder and First Amended Complaint were thus untimely. *See* Fed. R. Civ. P. 15(a)(1). Plaintiff was required to either seek leave of court or obtain consent from Defendant Alcon pursuant to Rule 15(a)(2) prior to filing the Notice of Joinder or the First Amended Complaint. She did neither. Accordingly, Defendant Alcon's Motion to Strike is granted. The Court will direct the Clerk to strike Plaintiff's Notice of Joinder, (Doc. 18), and First Amended Complaint, (Doc. 19).

**B.      PLAINTIFF'S MOTIONS TO AMEND AND SUPPLEMENT (Docs. 34, 35, 39)**

Plaintiff filed two (2) motions to amend her complaint and a "supplement" shortly after Defendant Alcon filed his Motion to Strike. *See* (Docs. 34, 35, 39). Plaintiff's filings are now before the Court *sua sponte*.

On March 17, 2025, Plaintiff filed her First Motion to Amend Complaint ("First Motion to Amend"). (Doc. 34) In the First Motion to Amend, Plaintiff moves to amend the complaint "to include all of the constitutional violations . . . by both the Colfax County Sheriff and the New Mexico State Police." (Doc. 34) at 1. Plaintiff alleges Section 1983 violations by Defendant Alcon, May, and Dean. *Id.* Although Plaintiff numbered some paragraphs, a majority are not numbered. *See id.* It is also unclear which claim Plaintiff asserts against each named defendant. *See id.*

On March 20, 2025, Plaintiff filed a Second Motion to Amend Complaint ("Second Motion to Amend"). (Doc. 35). In the Second Motion to Amend, Plaintiff appears to assert the Colfax

County Sheriff and the New Mexico State Police violated the Equal Protection Clause. *Id.* at 3. She also claims violations of the Fourth, Fifth, and Fourteenth Amendments but does not identify the defendant(s) to whom such allegations are asserted against. *Id.* With that said, she maintains her Fourth Amendment claim against Defendant Alcon. *Id.* Plaintiff also identifies several individuals, including Lilla Sandelin, former District Attorney Donal Gallegos, and "RC" McAllister, but it is unclear from the Second Motion to Amend whether Plaintiff is seeking to add those individuals as defendants to this case. *See generally* (Doc. 35). Plaintiff also failed to include a proposed second amended complaint with the Second Motion to Amend.

On April 14, 2025, Plaintiff filed "Supplement to Proposed Second Amended and Supplemental Complaint" ("Supplement"). (Doc. 39). In the Supplement, Plaintiff claims Dean and New Mexico State Police have repeatedly failed to investigate crimes committed by RC McAllister against Plaintiff. *See generally* (Doc. 39). She does not cite new federal causes of action.

The Court finds the First Motion to Amend and Second Motion to Amend (collectively hereinafter "Motions to Amend") are denied without prejudice. In this District, a party seeking leave of court to amend must determine whether the motion is opposed. D.N.M.LR-Civ. 7.1(a). A movant's failure to demonstrate a "recitation of a good-faith request for concurrence may be summarily denied." *Id.* Here, Plaintiff's Motions to Amend do not state whether she conferred with Defendant Alcon prior to filing. For this reason alone, Plaintiff's Motions to Amend are summarily denied without prejudice.

Further, Local Rule 15.1 requires that "a proposed amendment to a pleading must accompany the motion to amend." D.N.M.LR-Civ. 15.1. The Tenth Circuit has held that the federal rules also require a motion to be filed. *Serna v. Denver Police Dep't*, 58 F.4th 1167, 1172 (10th

Cir. 2023) (*pro se* plaintiff "never separately filed a motion with a proposed amended complaint adding those claims, as required by Federal Rule of Civil Procedure 15(a)(2) and District of Colorado Rule 15.1(b)."). Rule 7 requires a request for relief to be made by a motion that (1) is in writing, (2) "states with particularity the grounds for seeking the order," and (3) specifies the relief sought. Fed. R. Civ. P. 7(b)(1). "We have recognized the importance of Fed. R. Civ. P. 7(b) and have held that normally a court need not grant leave to amend when a party fails to file a formal motion." *Calderon v. Kansas Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999). Plaintiff's Second Motion to Amend and Supplement do not comply with Rule 15.1 nor Federal Rule of Civil Procedure 15(a)(2). For those reasons, Plaintiff's Second Motion to Amend is denied without prejudice and the Court will strike Plaintiff's Supplement.

If Plaintiff continues to wish to amend her complaint, the Court orders Plaintiff to file a motion for leave to file a third amend complaint. The motion must comply with the Local Rules and Federal Rules of Civil Procedure. The motion must also include a proposed third amended complaint that complies with the Local and Federal Rules and must have numbered paragraphs. The numbered paragraphs are required in order for the named defendants to admit or deny each of Plaintiff's allegations in their answer. *See* Fed. R. Civ. P. 8(b) (requiring defendants to admit or deny the allegations asserted against them in a pleading). The third amended complaint shall not exceed 50-pages in length and Plaintiff may not attach nor file "supplement" filings to the motion or third amended complaint. *Cf. Lowrey v. Sandoval Cnty. Child. Youth & Fams. Dep't,* No. 23-2035, 2023 U.S. App. LEXIS 18027, *6, 2023 WL 4560223, *2 (10th Cir. July 17, 2023) ("The sheer length of the complaint makes it difficult to determine precisely what material facts support the various claims made."). The third amended complaint must also clearly identify each claim Plaintiff is asserting against each named defendant and the facts supporting each claim. *See*

*Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated. After all, these are, very basically put, the elements that enable the legal system to get weaving - permitting the defendant sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits.") (citation omitted).

### C.    PLAINTIFF'S MOTION FOR SERVICE (Doc. 25)

On February 14, 2025, Plaintiff filed a Motion for Service by the U.S. Marshals Office ("Motion for Service"), (Doc. 25), requesting the United States Marshals Service ("USMS") serve Defendant Alcon, Dean, and May. (Doc. 25) at 1. Plaintiff also asserts that this case was improperly removed to federal court after it was dismissed twice by the state court. *Id.* at 1-2.

In response, Defendant Alcon argues service by USMS is superfluous because he already answered in this Court. (Doc. 28) at 1. Moreover, there is no record of the state court dismissing Plaintiff's state court case—either by a voluntary dismissal or by court order.[4] *Id.* at 2; *see also* (Doc. 13-8).

Plaintiff asserts in reply that service of Defendant Alcon, Dean, and May is a procedural requirement that a court must enforce or Defendant Alcon, Dean, and May must waive service.

---

[4] This Court is permitted to take judicial notice to the state court docket and *sua sponte* consider whether this matter was dismissed in state court. Rule 201(b)(2) of the Federal Rules of Evidence provides: "The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Pleadings and other documents of public record on a state court docket are subject to judicial notice. *see also Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1299 (10th Cir. 2014) (holding that Fed. R. Evid. 201(b)(2) allows a Court to take judicial notice of "documents and docket materials filed in other courts"); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (holding that a court may take judicial notice of public records). The Court has thoroughly reviewed the state court docket and finds Plaintiff's state court case is still active. The state court has not entered an order dismissing Plaintiff's case nor has Plaintiff voluntarily dismissed her state court case. Accordingly, this Court finds Plaintiff's contention that the state civil case was dismissed is meritless.

(Doc. 31) at 2-3. Plaintiff further claims she qualifies for *in forma pauperis* and, therefore, she is automatically entitled to service by the USMS. *Id.* at 2. She, nevertheless, states that if service is not necessary she will move for this Court to issue a scheduling order. *Id.*

Generally, "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). However, Rule 4(c)(3) provides that "[a]t the plaintiff's request, the court *may* order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3) (emphasis added). The decision to order USMS to serve the summons and complaint is left to the sound discretion of the Court where, as here, Plaintiff is not proceeding *in forma pauperis* pursuant to Section 1915.[5] *See Towers v. Abbott*, No. 24-4024-JAR-ADM, 2025 U.S. Dist. LEXIS 71436, 2025 WL 1114201 (D. Kan. Apr. 15, 2025) (citing *Freeman v. Raytheon Techs. Corp.*, No. 22-CV-01161, 2022 U.S. Dist. LEXIS 100760, 2022 WL 1984163, at *2 (D. Colo. June 6, 2022) (quoting *Palmer v. City & Cnty. of Denver*, No. 18-cv-01003, 2019 U.S. Dist. LEXIS 41680, 2019 WL 1118025, at *2 (D. Colo. Jan. 8, 2019)).

In guiding courts in the exercise of this discretion, the Advisory Committee Notes to Rule 4 state that a court should order service "[i]f a law enforcement presence appears to be necessary or advisable to keep the peace," and in actions brought by the United States. Fed. R. Civ. P. 4(c) Adv. Comm. Notes to 1993 Amendments. Some courts also consider whether "the plaintiff is unable to resort to private service or other reasonable methods of effecting service privately have been exhausted." *Matthews v. Int'l House of Pancakes, Inc.*, No. CV 08-3595, 2008 U.S. Dist. LEXIS 131279, 2008 WL 11354946, at *1 (E.D. La. Nov. 10, 2008); *see also* Bloom v.

---

[5] Plaintiff has not filed a motion for leave to proceed *in forma pauperis* in this federal case.

McPherson, No. 07-3258-SAC, 2010 U.S. Dist. LEXIS 18616, 2010 WL 750255, at *1 (D. Kan. Mar. 2, 2010) (granting USMS service when plaintiff incarcerated and could not hire private process server); *see also Vela v. Christian*, No. 3:20-cv-990-C-BH, 2021 U.S. Dist. LEXIS 5404, 2021 WL 101538, at *2 (N.D. Tex. Jan. 12, 2021) (permitting USMS service where plaintiff was incarcerated and his facility restricted his ability to access mail and library services due to COVID-19 pandemic).

But ordering service by the USMS is a "costly and burdensome approach," *York v. Fed. Bureau of Prisons*, No. 07-cv-01297-EWN-KLM, 2008 U.S. Dist. LEXIS 45631, 2008 WL 2410416, at *2 (D. Colo. June 11, 2008), and "'court orders directing service by marshal should not be issued unless they really are necessary.'" *Hollywood v. Carrows Cal. Fam. Rests.*, No. CV 18-2098-JGB (GJS), 2018 U.S. Dist. LEXIS 245544, 2018 WL 7461690, at *1 (C.D. Cal. Apr. 26, 2018) (internal quotation omitted). Moreover, litigants who do not proceed *in forma pauperis* are "expected first to seek service by private means whenever feasible rather than impose the burden on the Marshal's Service." *Thompson v. Williams*, No. 21-cv-00602-RM-KMT, 2021 U.S. Dist. LEXIS 195931, 2021 WL 4748663, at *2 (D. Colo. Oct. 12, 2021) (internal quotation omitted).

The Court denies Plaintiff's Motion for Service without prejudice for several reasons. First, Plaintiff has not moved for leave to file an application for *in forma pauperis* nor has she shown that she attempted private service or that private service is not feasible. Second, Plaintiff's Motion for Service will cause the Court and the parties to needlessly expend resources prior to Plaintiff filing a proper motion for leave to file a third amended complaint. As addressed *supra*, the Court is ordering Plaintiff to file a motion for leave to file a third amended to add defendants, facts, and/or causes of action. The Court may order service if Plaintiff: (i) files a motion for leave in accordance with Rule 15(a)(2); (ii) demonstrates she has attempted private service or private

service is not feasible *i.e.*, moves for leave to proceed *in forma pauperis*; and (iii) files an amended motion for service which includes the address of each defendant named in the third amended complaint.

## IV.    THIRD NOTICE REGARDING COMPLIANCE WITH ORDERS AND RULES[6]

The Court also takes this opportunity to once again provide Plaintiff with notice regarding her responsibilities as a *pro se* litigant. In particular, Plaintiff has a responsibility to become familiar with and complying with the Federal and Local Rules of Civil Procedure.[7] *See Oklahoma Radio Assoc. v. Fed. Dep. Ins. Corp*., 969 F.2d 940, 942 (10th Cir. 1992) ("the Federal Rules of Civil Procedure have the force and effect of a federal statute").

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed. Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

The Court and the parties have a responsibility to administer the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. If Plaintiff were to continue to not comply with Court Orders and the Federal and Local Rules

---

[6] This Court has previously warned Plaintiff that her noncompliance with Local and Federal Rules of Civil Procedure may result in sanctions, including dismissal. *See* (Docs. 9, 44).

[7] The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

of Civil Procedure after having been notified of her obligation to comply, then such failure to comply may indicate Plaintiff is either unwilling or unable to comply. *See* Fed. R. Civ. P. 11(b) (by filing documents with the Court, attorneys and *pro se* parties certify that the documents are "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"). If Plaintiff is unwilling or unable to comply with Court Orders and the Federal and Local Rules of Civil Procedure may subject Plaintiff to sanctions, such as filing restrictions, monetary penalties, or dismissing this case. *See* Fed. R. Civ. P. 11(c), 41(b).

**IT IS THEREFORE ORDERED**, for the reasons stated above, that Defendant Alcon's Motion to Strike Plaintiff's "Notice of Joinder" (Doc. 18) and "First Amended Complaint" (Doc. 19), (Doc. 26), is **GRANTED**. The Clerk is instructed to **STRIKE** Plaintiff's Notice of Joinder, (Doc. 18), and First Amended Complaint, (Doc. 19).

**IT IS FURTHER ORDERED**, for the reasons stated above, that Plaintiff's Motion for Service by the U.S. Marshals Office, (Doc. 25), First Motion to Amend Complaint, (Doc. 34), and Second Motion to Amend Complaint, (Doc. 35), are **DENIED without prejudice**. Plaintiff may refile a motion for service and a motion for leave to file a third amended complaint in compliance with the Court's directive *supra*.

**IT IS FURTHER ORDERED**, for the reasons stated above, that the Clerk shall **STRIKE** Plaintiff's Supplement to Proposed Second Amended and Supplemental Complaint, (Doc. 39).

**IT IS SO ORDERED.**

KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

13