**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

GENEVA LANGWORTHY,

Plaintiff,

v. No. 1:24-cv-1291-MLG-KRS

EDWARD ALCON,

Defendant.

**ORDER GRANTING [47] DEFENDANT'S MOTION TO STAY DISCOVERY**

Currently before the Court is "Defendant Edward Alcon's Motion To Stay Discovery Pending Determination On Defendant Alcon's Motion For Summary Judgment On The Basis of Qualified Immunity And Other Grounds," filed October 17, 2025 ("Stay Motion"). (Doc. 47). Defendant Alcon filed his "Motion for Summary Judgment on the Basis of Qualified Immunity and Other Grounds" on October 17, 2025. (Doc. 46). Defendant argues in the Stay Motion that "[q]ualified immunity not only protects a defendant from liability, but also from the burdens of trial, including discovery," and that therefore, once a defendant raises qualified immunity as a defense, he is entitled to a stay of discovery until the qualified immunity issue is resolved. (Doc. 47 ¶¶ 3-4). For the reasons that follow, the Court agrees and grants Defendant's Stay Motion.

**Discussion**

The Court begins by noting that neither a scheduling order nor an order finding good cause to delay entering a scheduling order has been entered on the docket. *See* FED. R. CIV. P. 16(b)(2). Nor is there any indication that a Rule 26(f) conference has taken place. *See* FED. R. CIV. P. 26(f) (CONFERENCE OF THE PARTIES; PLANNING FOR DISCOVERY); FED. R. CIV. P. 26(d)(1) (providing that discovery may not occur until the parties confer pursuant to Rule 26(f)). Thus, Defendant's

Stay Motion is preemptive in nature, seeking to stay discovery before discovery has even begun in the case.

"Courts routinely stay discovery upon the filing of a motion for qualified immunity." *Aguilar v. Harding Cnty., New Mexico*, No. CIV 14-808 JP/LAM, 2015 WL 13650075, at *3 (D.N.M. Nov. 30, 2015) (citing *Martin v. Cnty. of Santa Fe*, 626 F. App'x 736, 740 (10th Cir. 2015) ("there is a strong policy justification for staying discovery and for refusing requests for additional discovery once a defendant invokes qualified immunity as a defense"))).

> Qualified immunity is an entitlement not to stand trial or face the other burdens of litigation. The privilege is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial. Accordingly, qualified immunity questions should be resolved at the earliest possible stage in litigation. *Even such pretrial matters as discovery are to be avoided if possible, as inquiries of this kind can be peculiarly disruptive of effective government*.

*Martin*, 626 F. App'x at 740 (quoting *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004) (second emphasis added by court) (alterations, internal citations and quotation marks omitted))).

Typically, a motion raising the defense of qualified immunity filed prior to the start of discovery would be presented under either Rule 12(b)(6) or Rule 12(c). *See* FED. R. CIV. P. 12(b)(6) (motion to dismiss for failure to state a claim for relief); FED. R. CIV. P. 12(c) (motion for judgment on the pleadings). But nothing in the Federal Rules of Civil Procedure prevents a party from filing a Rule 56 motion for summary judgment at the pleading stage, i.e., before discovery has started. *See* FED. R. CIV. P. 56(b) ("TIME TO FILE A MOTION. Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."); *see, e.g., Waterloo Furniture Components, Ltd. v. Haworth, Inc.,* 467 F.3d 641, 648 (7th Cir. 2006) ("Rule 56 does not require that discovery take place in all

cases before summary judgment can be granted. In fact, this Court has noted that 'the fact that discovery is not complete—indeed has not begun—need not defeat [a motion for summary judgment].'" (quoting *Am. Nurses' Ass'n. v. Illinois,* 783 F.2d 716, 729 (7th Cir. 1986))); *Inskeep v. City of Farmington*, No. CV 14-262 WJ/CG, 2014 WL 12789006, at *2 (D.N.M. Aug. 11, 2014) ("Formal discovery is just beginning in this case. However, the fact that discovery is just beginning or that it is not complete cannot form the basis for deferring ruling on Defendants' summary judgment motion[."] (citing *Ben Ezra, Weinstein, & Co. v. Am. Online Inc*., 206 F.3d 980, 987 (10th Cir. 2000))).

An opposing party presented with a pre-discovery motion for summary judgment may seek to delay responding to the summary judgment motion if he or she contends that discovery is needed for him or her to respond. The procedural mechanism for seeking discovery after a summary judgment motion has been filed is a Rule 56(d) motion. Rule 56(d) provides:

> (d) WHEN FACTS ARE UNAVAILABLE TO THE NONMOVANT. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the [summary judgment] motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

FED. R. CIV. P. 26(d). "Although discovery generally should be avoided once qualified immunity is raised, there are some circumstances when narrow discovery is permitted. However, the plaintiff bears the burden of demonstrating 'how [such] discovery will raise a genuine fact issue as to the defendants' qualified immunity claim.'" *Martin*, 626 Fed. App'x at 740 (quoting *Cole v. Ruidoso Mun. Sch*., 43 F.3d 1373, 1387 (10th Cir. 1994) (alterations and internal quotation marks omitted)); *see, e.g.,* A*rchuleta v. Bd. of Educ. for Espanola Valley Pub. Schs.,* No. 1:24-CV-00359-KK-JHR,

2025 WL 18683, at *2 (D.N.M. Jan. 2, 2025) ("[Q]ualified immunity forecloses 'broad-reaching' discovery, not all discovery. Thus, courts may still exercise discretion when deciding to stay discovery and to what extent." (citations omitted)).

Plaintiff has not filed a Rule 56(d) motion seeking discovery. Nor has she filed an affidavit or declaration, as required by Rule 56(d), specifying any reasons why she needs to conduct discovery in order to be able to present facts essential to her opposition to Defendant's summary judgment motion based on qualified immunity. Indeed, she has not even mentioned discovery in either her response in opposition to Defendant's Stay Motion (Doc. 50) or her response in opposition to Defendant's motion for summary judgment (Doc. 49). Instead, Plaintiff's responses discuss unrelated matters while making disparaging comments about judges in this district. But neither those unrelated matters nor the disparaging comments demonstrate that discovery should proceed before the Court rules on Defendant's qualified immunity summary judgment motion.[1]

In sum, "'if a party cannot adequately defend [against a summary-judgment] motion, Rule 56(f) [now codified in Rule 56(d)] is h[er] remedy.' But, 'Rule 56(f) [now Rule 56(d)] does not require that any discovery take place before summary judgment can be granted.'" *Dreyer v. Yelverton*, 291 F. App'x 571, 577 (5th Cir. 2008) (quoting *Washington v. Allstate Ins. Co.*, 901

[1] Plaintiff complains that she has had technical difficulties filing documents electronically because "CM/ECF system rejects documents created by MacIntosh computers," and asserts this is a "denial of access" due process violation. (Doc. 49 at 3). Plaintiff does not have a constitutional right to file electronically, however. Access to electronic filing by pro se parties is generally treated in federal court as a privilege that can be revoked, not a right. *See, e.g., Graham v. PNC Bank*, No. 5:26-CV-00054-AGM-PRL, 2026 WL 1284491, at *1 (M.D. Fla. May 11, 2026) (explaining that there is a "general rule disallowing pro se parties to file directly using CM/ECF," which exists, in part, because history and experience have shown "that granting pro se parties access to direct filing in CM/ECF results in an increased burden" to the Clerk's Office (because the Clerk has to monitor whether filings entered via CM/ECF are properly entered on the docket), and to the Court (due to an increase in frivolous filings made easier by direct CM/ECF filing access). In fact, the Court warned Plaintiff that her permission to file electronically could be revoked if she continued to file documents containing improper and offensive rhetoric. (Doc. 9). Apart from that issue, if Plaintiff is having technical difficulties with filing electronically, she is advised to either deliver or mail a paper copy of her filings to the Clerk's Office, which will see that they are placed on the electronic docket. Plaintiff must ensure that her filings are received by the Clerk's office, however, by any applicable due date.

F.2d 1281, 1285 (5th Cir. 1990) (citations omitted)). As Plaintiff has neither sought discovery nor demonstrated a need for discovery, she has provided no legal basis for opposing Defendant's Stay Motion.

Accordingly, Defendant Edward Alcon's Motion To Stay Discovery Pending Determination On Defendant Alcon's Motion For Summary Judgment On The Basis of Qualified Immunity And Other Grounds, **Doc. 47**, is **GRANTED**. Discovery is stayed pending resolution of Defendant's motion for summary judgment (Doc. 46).

IT IS SO ORDERED this 1st day of September, 2026.

KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE