**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

GENEVA LANGWORTHY,

Plaintiff,

v. No. 1:24-cv-1291-MLG-KRS

EDWARD ALCON,

Defendant.

**ORDER STRIKING PRO SE FILINGS**
**AND REVOKING PERMISSION TO FILE ELECTRONICALLY**

**THIS MATTER** is before the Court *sua sponte* pursuant to the Court's inherent power to manage its docket. *See SEC v. Mgmt. Sols., Inc.*, 824 F. App'x 550, 553 (10th Cir. 2020) ("[A] district court has the inherent power to 'manage [its] own affairs so as to achieve orderly and expeditious disposition of cases[.]'") (quoting *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016))). For the reasons explained below, the Court **STRIKES** the following documents without prejudice: **Doc. 42** ("Appendix"); **Doc. 43** ("Plaintiff's Declaration Of New Acts Of Discrimination And Denial Of Equal Protection"); **Doc. 48** (Plaintiff's "Motion For Change Of District"); **Doc. 56** (Plaintiff's "Motion For Transfer To State Court"); **Doc. 58** (Plaintiff's "Proposed First Amended Complaint," filed in CM/ECF as an "Amended Complaint"); **Doc. 58-1** ("Second Motion To Amend Complaint," filed as an attachment to the "Proposed First Amended Complaint"); and **Doc. 61** ("Plaintiff's Petition For Writ of Mandamus To Prevent Miscarriage of Justice"). The Court also **ORDERS** that **Doc. 9**, Order Granting Motion To File Electronically, be **VACATED** and Plaintiff's electronic filing privileges **REVOKED**.

**BACKGROUND**

This case began in state court on November 27, 2024 when Plaintiff Geneva Langworthy, acting pro se, filed a complaint against Edward Alcon in the Eighth Judicial District Court of New Mexico, County of Colfax. *See* (Doc. 1-2 ("Unlawful Search And Seizure, Denial of Equal Protection, and Outrage Complaint" (hereinafter "Complaint")). Although the Complaint does not contain a great deal of factual content, Plaintiff's claims against Alcon appear to arise from one or two incidents in which Plaintiff alleges that, during the course of his employment as a deputy sheriff of Colfax County, Alcon trespassed on her property in the company of Todd Tatum, Plaintiff's neighbor with whom she apparently has had some kind of long-running dispute.

Defendant Alcon removed the complaint to federal court on December 23, 2024 (Doc. 1), and filed an answer with affirmative defenses on December 30, 2024 (Doc. 3). Plaintiff then filed a "Declaration" in which, among other things, she claimed to have been traumatized by "racist, sexist Hispanic males in New Mexico," including Defendant Alcon, Defendant's counsel, the previously assigned state court judge, and the Chief Judge of this District, Kenneth J. Gonzales. *See* (Doc. 17). Plaintiff's statements in the "Declaration" concerning Chief Judge Gonzales appear to arise out of another case over which Chief Judge Gonzales presided.[1] The "Declaration" accused

[1] The case is *Langworthy v. New Mexico,* No. 1:24-cv-1229-KG-LF, which was filed on December 5, 2024, with a final judgment entered against Plaintiff on March 27, 2025, after she failed to respond to an order to show cause by Magistrate Judge Laura Fashing concerning deficiencies in the complaint. *See id.,* Doc. 5 (Dec. 6, 2024); *id.,* Docs. 7, 8 (Jan. 3, 2025). Plaintiff filed a motion to reopen the final judgment, which also requested a "change of judge" because "Judge Gonzale[s] is the wrong judge for this case, which deals with systemic Hispanic racism and sexism in New Mexico and in the 8th District." *Id.,* Doc. 9 at 3 (Jan. 3, 2025). Chief Judge Gonzales granted the request to reopen the case, but denied the request for a new judge. *Id.,* Doc. 10 (Jan. 8, 2025). Plaintiff appealed Judge Gonzales's "refusal to be disqualified due to his implicit biases and ethnic conflict of interest" to the Tenth Circuit. *Id.,* Doc. 11 (Jan. 13, 2025). Plaintiff also filed a motion for reconsideration, arguing that" [b]y refusing to voluntarily recuse, and through his 5-page rant against [her], Judge Gonzale[s] has illustrated his conflict of interest which obligates him to recuse." *Id.*, Doc. 14 at 4 (Jan. 21, 2025). She also filed a "Motion For Injunction" that sought an order "preventing the assignment of any of her cases to Hispanic judges, due to systemic Hispanic preferentialism in New Mexico." *Id.*, Doc. 18 at 1 (Feb. 13, 2025). Plaintiff's appeal to the Tenth Circuit was dismissed for lack of prosecution. *Id.*, Doc. 19 (Feb. 13, 2025). Judge Gonzales then entered an order denying Plaintiff's motion for reconsideration and motion for an injunction, *id.*, Doc. 20 (Feb. 21, 2025), which prompted Plaintiff to file a second Notice of Appeal, *id.,* Doc. 23 (Mar. 13, 2025), in which she stated that she would "be voluntarily dismissing her case in the court of racist, sexist

Chief Judge Gonzales of "abus[ing] his authority … to get this case transferred to a Hispanic male judge [District Judge Matthew L. Garcia] … to protect a dirty cop [Defendant Alcon] who happens to be Hispanic." (*Id.* at 3). Plaintiff's "Declaration" also expressed a need to amend her complaint "to include the other cop who trespassed on [her] properties and performed warrantless searches." (*Id.*). Plaintiff then filed a document titled "Notice of Joinder," which attempted to name two new defendants (Colfax County Deputy Sheriff Matthew Dean and Paul May, "a private citizen") (Doc. 18), as well as a "First Amended Complaint" (Doc. 19). In addition, Plaintiff filed a document she titled "Notice of Disqualification Of Judge," in which she asserted a long "list of harms done to [her] by Hispanic males in positions of authority," as well as a constitutional right to "a judge *whom I believe will treat me fairly*," threatening to "create caselaw through various appeals and writs of cert" if her demand for a different judge was not honored. (Doc. 21 at 3-4 (emphasis in original)).

District Judge Garcia, as the presiding trial judge, construed the "Notice of Disqualification Of Judge" as a motion to disqualify him, and entered an order on February 23, 2025, denying that motion. (Doc. 23). Judge Garcia also entered an order referring the case to the undesigned for proposed findings and recommended disposition on all dispositive matters. (Doc. 22). Plaintiff

Kenneth Gonzale[s], because there is no due process with any Democrat-appointed judge [] [u]nless the party is Hispanic or an illegal alien," *id.* at 1. Plaintiff then filed a notice of voluntary dismissal, in which she once again asserted that Chief Judge Gonzales "is actively hostile towards [her], and abuses his judicial authority to deny her access to the courts." *Id.*, Doc. 26 (Mar. 27, 2025). Plaintiff's vendetta against Chief Judge Gonzales did not end there, however. Just over a month later, Plaintiff filed a new lawsuit in which she named Chief Judge Gonzales, along with District Judge Daniel Urias and Magistrate Judge Kirtan Khalsa, as defendants. *See Langworthy v. Gonzales*, No. 1:25-cv-433-REB-SEP (filed May 6, 2025). Judge Urias had presided over two other lawsuits brought by Plaintiff (*Langworthy v. New Mexico State Police*, No. 1:23-cv-684-DHU-JFR, and *Langworthy v. Colfax County Sheriff*, No. 1:23-cv-997-DHU-JFR), while Judge Khalsa was the magistrate judge assigned to conduct a review of the complaint under 28 U.S.C. § 1915 in a third case brought by Plaintiff (*Langworthy v. Colfax County,* No. 1:25-cv-18-WJ-JHR). Plaintiff's lawsuit against Chief Judge Gonzales, District Judge Urias, and Magistrate Judge Khalsa was dismissed by the district judge assigned to the case, who was from outside this District, when Plaintiff failed to respond to an order to show cause that district judge had issued concerning the complaint's failure to state a claim for relief. *See Langworthy v. Gonzales*, *supra,* Doc. 6 (June 2, 2025); *id.*, Doc. 9 (June 30, 2025); *id.,* Doc. 11 (July 2, 2025).

then filed a motion for service by the U.S. Marshal's Office (Doc. 25), and a motion to disqualify opposing counsel (Doc. 27). The latter motion sought to disqualify the attorney who represents Defendant Alcon is this matter, purportedly because of "decades of terrorism by Hispanic cops (and judges) during [Plaintiff's] years of living in Ute Park," which has led to "the ethnicity of the defense counsel ha[ving] the effect of further traumatizing [Plaintiff], impairing her ability to self-represent." (*Id.* at 8).

Approximately one month later, Plaintiff filed a "First Motion To Amend Complaint" (Doc. 34), and two days later she filed a "Second Motion To Amend Complaint" (Doc. 35). A month later she filed a document titled "Supplement To Proposed Second Amended And Supplemental Complaint." (Doc. 39). Around the same time, Plaintiff filed a motion for appointment of counsel in which she stated that she suffer[s] from Post Traumatic Stress Disorder," that she "tend[s] to decompensate in hearings," and that she is "not really competent to self-represent because of [her] disabilities," and has "had a lot of bad experiences with judges." (Doc. 41 at 5). Plaintiff also filed an assortment of exhibits using the CM/ECF filing event of "Appendix" without any explanatory motion or notice. (Doc. 42). And in June 2025, Plaintiff filed a document titled "Plaintiff's Declaration Of New Acts Of Discrimination And Denial Of Equal Protection." (Doc. 43). Neither the exhibits included in the so-called "Appendix" nor the factual matters discussed in the "Declaration" relate to the Complaint's factual allegations or legal claims against Defendant Alcon. Nor do they raise any new matters against Defendant Alcon. Instead, they appear to relate to different individuals and different factual allegations connected to the matters Plaintiff was attempting to assert in her "Notice of Joinder" and amended complaint filings.

On August 15, 2025, the undersigned entered an order denying the motion to disqualify defense counsel and the motion for appointment of counsel. (Doc. 44). On August 20, 2025, the

undersigned entered an order striking Plaintiff's Notice of Joinder and First Amended Complaint because Plaintiff had not obtained Defendant's consent to the filings or else filed a motion seeking leave of court. (Doc. 45 at 4-5). The Court also denied Plaintiff's two subsequently filed motions to amend her complaint and her "supplement" because they did not include recitation of a good-faith request for concurrence from opposing counsel, as required by D.N.M. LR-CIV. 7.1(a), and because Plaintiff had not complied with FED. R. CIV. P. 7(b)(1) or D.N.M. LR-CIV. 15.1 in that she failed to attach a proposed amended complaint to her motion. (Doc. 45 at 7-12).

On October 17, 2025, Defendant Alcon filed a motion for summary judgment based on qualified immunity. (Doc. 46). On October 21, 2025, Plaintiff filed a "Motion For Change Of District," in which she asserted that the case should be transferred to either Wyoming or Texas because "[t]he U.S. District Court for New Mexico has a culture of corruption," which is "just as corrupt as the state courts." (Doc. 48 at 2, 6). On November 3, 2025, Plaintiff filed a response in opposition to Defendant Alcon's summary judgment motion. (Doc. 49). And on January 30, 2026, Plaintiff filed a "Motion For Transfer To State Court," once again because of "a culture of judicial tyranny in the US District Court for New Mexico," which she alleges "is openly hostile and malicious towards this Plaintiff." (Doc. 56 at 2).

On February 26, 2026, Plaintiff filed a "Proposed First Amended Complaint" (Doc. 58) as an "Amended Complaint," to which she attached a document dated February 7, 2025, titled "Second Motion To Amend Complaint" (Doc. 58-1). Most recently, on September 3, 2026, Plaintiff filed a document captioned "In The Tenth Circuit Court Of Appeals," and titled "Petition For Writ Of Mandamus To Prevent Miscarriage Of Justice." (Doc. 61). The document states that Plaintiff is requesting a "writ of mandamus" from the Tenth Circuit to prevent this Court "from

dismissing her civil rights case against Colfax County Sheriff deputies claiming qualified immunity." (*Id.* at 1).

## DISCUSSION

### A. PLAINTIFF'S FILINGS VIOLATE THE RULES OF THIS DISTRICT AND PREVIOUS COURT ORDERS

#### 1. MOTION FOR CHANGE OF DISTRICT AND MOTION FOR TRANSFER TO STATE COURT

Plaintiff's "Motion For Change Of District" requests a transfer to a federal district court in either Texas or Wyoming (Doc. 48), and her "Motion For Transfer To State Court" seeks an order remanding the case to New Mexico state court (Doc. 56). Neither motion discusses pertinent legal authority[2], as required by D.N.M. LR-CIV. 7.3(a). Nor do they include a recitation of a good-faith request for concurrence, as required by D.N.M. LR-CIV. 7.1(a). Furthermore, both motions rely on factual assertions without supporting evidence in the form of declarations, affidavits, deposition excerpts, or other documents, as required by D.N.M. LR-CIV. 7.3(b). The Court is "afforded great discretion regarding control of the docket and parties." *Bunn v. Perdue*, 966 F.3d 1094, 1099 (10th Cir. 2020) (quoting *United States v. Orozco*, 916 F.3d 919, 925 (10th Cir. 2019) (quotations omitted))). Among other things, the Court may "'strike a filing that is not allowed by local rule ....'" *Id.* (quoting *Orozco*, 916 F.3d at 925) (quotations omitted)); *see Bustillo v. Hawk*, 44 F. App'x 396, 400-01 (10th Cir. 2002) (upholding district court's decision to strike filing based on local rules); *In re Hopkins*, No. 98-1186, 1998 WL 704710, at *3 n.6 (10th Cir. Oct. 5, 1998)

---

[2] *See, e.g.,* 28 U.S.C. § 1391 (an action may be brought in any district in which any defendant resides or in which a substantial part of the acts or omissions giving rise to the claim occurred); 28 U.S.C. § 1406(a) (a district court in which is filed a case laying venue in the wrong district shall dismiss, or if it be in the interest of justice, transfer such case to any district in which it could have been brought); 28 U.S.C. § 1404 (for the convenience of parties and witnesses, a district court may transfer an action to any district where it might have been brought or to any district to which all parties have consented); *see also* 28 U.S.C. § 1446 (procedure for removal of civil actions); 28 U.S.C. § 1447 (Procedure after removal generally).

(unpublished) (noting "it was well within the discretion of the district court to strike" briefs that do not comply with local rules). As discussed, Plaintiff's two motions to transfer fail to comply with the procedural rules of this Court, and therefore will be stricken.

Plaintiff's motion to remand to state court will be stricken for an additional reason as well. That motion ignores this Court's previous order in which it found that it had jurisdiction to decide the pending motions despite Plaintiff's complaints about Alcon having removed the case from state court before being served with the complaint. *See, e.g., Dubrovin v. The Ball Corp. Consol. Welfare Benefit Plan for Emps.*, No. 08-cv-00563-WYD-KMT, 2009 WL 5210498, at *1 (D. Colo. Dec. 23, 2009) (granting a motion to strike documents filed by the plaintiff that the court previously ruled "may not be relied on" (citing *Lewis v. Michaels Stores, Inc.*, No. 05–cv1323, 2007 WL 2254502, at *13 (M.D. Fla. 2007) ("the court may strike an affidavit or brief as a sanction for noncompliance with court orders ....") (citing cases))). The Court's previous order held that "[t]he lack of service of process in a snap removal is a procedural defect," and that "[p]rocedural defects, unlike subject matter jurisdiction, must be raised within 30-days of removal." (Doc. 45 at 4 (citing, *inter alia,* 28 U.S.C. § 1447(c)). The Court noted that Plaintiff had not moved to remand within 30-days after removal, and therefore Plaintiff's complaints about the lack of service were without merit. (*Id.*). In other words, the Court previously instructed Plaintiff that she could not seek a remand on procedural grounds outside the thirty-day time period of 28 U.S.C. § 1447(c). The Court is "not required to expend judicial resources endlessly entertaining repetitive arguments." *Gardner v. U.S. Gov't*, No. CIV. 08-0589 MV/LAM, 2010 WL 966419, at *1 (D.N.M. Feb. 18, 2010).

The Court also "may *sua sponte* strike a frivolous motion under its inherent power to control its docket." *Wisehart v. Wisehart*, No. 21-1148, 2021 WL 5895130, at *2 (10th Cir. Dec. 14, 2021). The two motions at issue provide no legal or factual basis for either a transfer to another

federal district or a remand to state court, they violate the Court's Local Rules, and the motion to remand is in contravention of the Court's previous order. Therefore, the Court exercises its discretion to strike both motions without prejudice. Any motion filed by Plaintiff must comply with the Federal and Local Rules of Civil Procedure, including the requirement of citation to supporting legal authority, and and must make a non-frivolous argument based on the cited legal authority for the requested relief.

### 2. THE "PROPOSED FIRST AMENDED COMPLAINT" AND RELATED FILINGS

#### a. PROPOSED AMENDED COMPLAINT

Plaintiff filed a "Proposed First Amended Complaint" (hereinafter "Proposed Amended Complaint") as a separate docket entry (Doc. 58), and submitted a "Second Motion To Amend Complaint" as an attachment to that filing (Doc. 58-1). The Proposed Amended Complaint seeks to assert claims against Colfax County, the 8th District Attorney's Office, the New Mexico State Police, unnamed State Police Officers, Colfax County Deputy Matt Dean, Colfax County Deputy Baccechi, and additional deputies yet to be identified. (Doc. 58 at 1). The attached motion states that Plaintiff seeks to amend the Complaint "to include more of the outrageous violations of her civil rights by state and county entities in New Mexico." (Doc. 58-1 at 1).

The Court previously instructed Plaintiff that if she wished to amend the Complaint, she needed to file a motion that "compl[ies] with the Local Rules and Federal Rules of Civil Procedure," which among other things, require that she attach a proposed amended complaint to the motion. Plaintiff has not followed that rule. She instead filed a motion seeking leave to file an amended complaint not as its own filing but as an attachment to the Proposed Amended Complaint. The result is that the docket does not show there is any pending motion seeking leave to amend,

and what is only a *proposed* amended complaint appears on the docket as an "Amended Complaint" as if leave to amend has already been granted.

Even if the Court were to overlook what could be called a technical filing defect, Plaintiff was advised that the proposed amended complaint "must "have numbered paragraphs … in order for the named defendants to admit or deny each of Plaintiff's allegations in their answer," and must "clearly identify each claim Plaintiff is asserting against each named defendant and the facts supporting each claim." (Doc. 45 at 9 (citing *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.")). Ignoring this previous direction from the Court, Plaintiff filed a proposed amended complaint that contains one numbered paragraph and nine unnumbered paragraphs, and none of the paragraphs clearly identify what the claims being asserted are, which defendants are being sued for which claims, and what the facts are that support each claim against each defendant.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "Each allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). Neither the Federal nor the Local Rules of Civil Procedure require that a complaint explain legal standards; the pleader "need only reference the legal standard under which the claim is being asserted and allege facts supporting the claim." *Stonecipher v. City of Alamogordo*, No. 2:25-CV-01262-DLM, 2025 WL 3688081, at *2 (D.N.M. Dec. 19, 2025). Rule 10(a), however, requires that "[t]he title of the complaint must name all the parties[,]" FED. R. CIV. P. 10(a), while Rule 10(b) requires the

pleader to "state [her] claims ... in numbered paragraphs, each limited as far as practicable to a single set of circumstances," FED. R. CIV. P. 10(b). And "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count[.]" *Id.* Pleadings that lack "the minimum clarity, brevity, or coherence required by Rules 8 and 10" are not allowed. *Lozano v. Prummell*, 2022 WL 4384176, at *2 (M.D. Fla. Sept. 22, 2022). A complaint does not comply with Rules 8 and 10 when, among other things, it "contains multiple counts where each count adopts the allegations of all preceding counts"; it "is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; it "fails to separate into a different count each cause of action"; or it "asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act." *Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019).

Plaintiff's Proposed Amended Complaint violates Rules 8 and 10 in a number of respects. The case caption does not name all the parties but instead lists the defendants as "EDWARD ALCON, et al." (Doc. 51 at 1). And the body of the Proposed Amended Complaint names five new defendants plus countless additional unnamed defendants; does not state what specific claims Plaintiff is attempting to assert against which defendants; and provides only a bare bones description of a few minor facts without explaining what each defendant did to Plaintiff, when the defendant did it, how the defendant's action harmed Plaintiff, and, what specific legal right Plaintiff believes each defendant violated. Plaintiff asserts in the Proposed Amended Complaint that she is suing for racial discrimination, denial of equal protection, "denial of effective communication (ADA Title II)," "conspiracy against rights (18 USC §242)," taxation without representation, as well as possibly false arrest and imprisonment and unlawful search and seizure. But barely any factual content is provided for any of these claims, with Plaintiff instead using the

Proposed Amended Complaint as another vehicle for conveying Plaintiff's scandalous, impertinent, scurrilous, and largely irrelevant thoughts about what it is like to sue in New Mexico state and/or federal courts:

> New Mexico is a dangerous, backwards, third world place which should not be part of the United States because it is apparent that New Mexico will never live up to the standards of a civilized country. This is nowhere more apparent than the behavior of the courts in New Mexico. The courts at both the state and federal level utterly fail to recognize the United States Constitution. [Plaintiff] demands that her federal civil rights be vindicated. She has requested a change of venue to a district in Wyoming or Texas because it does not appear that the federal court in New Mexico has the will to uphold a Patriot's constitutional rights.

(Doc. 58 at 3). In short, rather than present a short and plain statement of each claim showing that Plaintiff is entitled to relief, the Proposed Amended Complaint presents "a muddle of diffuse charges and conclusory allegations" that do "not comply with the form or spirit of Rule 8" and "border[ ] on the incomprehensible." *Welsh v. Steinmetz*, No. CIV 84-1846, 1984 WL 13132, at *5 (D.N.M. Dec. 20, 1984) (citation omitted).

### b. APPENDIX AND DECLARATION

The Court assumes from the lack of detail in the Proposed Amended Complaint itself that Plaintiff was hoping to rely on matters outside the Proposed Amended Complaint for the new claims she seeks to assert. Those documents presumably include (1) the document filed by Plaintiff as an "Appendix" on April 23, 2025, which contains photographs, Colfax County Sheriff's Office Incident Reports from February 2023, and new allegations by Plaintiff concerning incidents and individuals that appear to be unrelated to the present Complaint; and (2) the "Declaration of New Acts of Discrimination and Denial Of Equal Protection," filed by Plaintiff as an "Affidavit of New Violations" on June 2, 2025 (Doc. 43), which similarly concerns allegations against individuals other than Defendant Alcon involving incidents seemingly unrelated to Defendant Alcon. At the

time these filings were made, they likely related to the new allegations contained in the "Supplement To Proposed Second Amended And Supplemental Complaint" filed on April 14, 2025 (Doc. 39), and for this reason probably should have been stricken when the Court struck that document. *See* (Doc. 45). The fact that these separate submissions were still on the docket at the time Plaintiff filed the Proposed Amended Complaint, however, does not cure the defects in the Proposed Amended Complaint itself. "Pro se litigants cannot simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their claim .... [J]udges cannot and must not 'fill in the blanks' for pro se litigants; they may only cut some 'linguistic slack' in what is actually pled." *Hernandez v. Echarte*, No. 24-CV-20766, 2024 WL 1209802, at *2 (S.D. Fla. Mar. 20, 2024) (internal quotation marks and citation omitted). It would be unduly prejudicial to the newly named defendants (as well as the Court) to require them (the Court) to search outside that document to other filings by Plaintiff for further explanation or factual detail concerning the matters only alluded to in the Proposed Amended Complaint itself.

The Court has the authority to strike pleadings and other documents that do not comply with the Federal Rules of Civil Procedure, which includes (1) the "Appendix" (Doc. 42) and Plaintiff's "Declaration" (Doc. 43), neither of which relate to any motion or pleading connected to Plaintiff's claims in the Complaint against Defendant Alcon, as well as (2) the Proposed Amended Complaint (Doc. 58), which fails to satisfy Rule 8 or Rule 10 , and the attached Second Motion To Amend (Doc. 58-1), which was not filed on the docket as a pending motion and fails to set forth any law or facts to support the request for leave to amend. These documents will be stricken without prejudice. Any motion or other pleading filed by Plaintiff mustcomply with the Federal and Local Rules of Civil Procedure, may not be frivolous, and may not contain inappropriate,

harassing, abusive, and/or legally and factually irrelevant commentary, as discussed in the Section B, *infra*.

### 3. THE "PETITION FOR WRIT OF MANDAMUS TO PREVENT A MISCARRIAGE OF JUSTICE"

Plaintiff's most recent filing—"Petition For Writ of Mandamus To Prevent a Miscarriage of Justice" (Doc. 61)—is also subject to being stricken for procedural reasons. To begin with, it was filed as a motion in this Court, which is improper. *SeE* FED. R. APP. P., RULE 21(a)(1) ("A party petitioning for a writ of mandamus or prohibition directed to a court must file the petition *with the circuit clerk* and serve it on all parties to the proceeding in the trial court. The party must also provide a copy to the trial court judge." (emphasis added)). It appears that Plaintiff may have filed the Petition on this Court's docket, rather than in the Tenth Circuit, as required by Appellate Rule 21(a)(1).

Beyond that procedural deficiency, the Petition seeks relief from a hypothetical order that does not exist at this time, i.e., an order dismissing Plaintiff's case based on qualified immunity. As of the date of this Order, Defendant's motion for summary judgment based on qualified immunity has not been granted, and it remains to be seen whether it will be granted. In short, Plaintiff seeks an anticipatory injunction from the appellate court that would preempt this Court from rendering a decision on a motion that is properly before this Court for decision. While a writ of mandamus "may issue to compel a district court to decide a matter promptly in the appropriate circumstances," *In re Gibbs*, No. 09-6282, 2009 WL 9070519, at *1 (10th Cir. Dec. 31, 2009), the Petition cites no legal authority for preventing a district court through a writ of mandamus from deciding a motion properly before it. Instead, the legal and factual arguments and citations in the Petition are in support of Plaintiff's position on the issue before the Court on Defendant's summary judgment motion. Those arguments do not support removing jurisdiction in the first instance over

Defendant's motion for summary judgment from this Court. As such, the Petition is frivolous. However, as that issue is properly left to the appellate court, the Court only strikes the Petition as having been filed as a "motion" in this Court, which is procedurally improper. *See Faretta v. California*, 422 U.S. 806, 835 n. 46 (1975) (stating that "[t]he right of self-representation is not a license … not to comply with relevant rules of procedural and substantive law"). Plaintiff is free to re-file her Petition in the Tenth Circuit in compliance with the Federal Rules of Appellate Procedure, although the Court cautions her to refrain from filing legally frivolous motions, whether in this Court or in the Court of Appeals. *See Williams v. United States,* 852 F. App'x 378, 382 (10th Cir. 2021) (dismissing pro se plaintiff's "appeal because his arguments are frivolous," explaining that "'[a]n appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit'" (quoting *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987) (rehearing en banc) (internal quotation marks omitted))).

**B. PLAINTIFF'S FILINGS CONTAIN VEXATIOUS, ABUSIVE, HARASSING, AND DEEPLY OFFENSIVE COMMENTARY AND ACCUSATIONS**

The Court has already mentioned some of the abusive and harassing language contained in Plaintiff's filings. But there is much more than the statements quoted earlier in this order. For instance, Plaintiff asserts that three judges in this District are "anti-white racist, Democrat-appointed DEI judges," and a fourth judge is "deeply and irredeemably corrupt." (Doc. 48 at 2). She calls opposing counsel a "dirtbag Mexican attorney" who "took an educational opportunity away from an American, then stayed in New Mexico to practice his unscrupulous form of law." (Doc. 61 at 9). And she even goes so far as to attack court professionals and other administrators with minimal if any relationship to this case. *See, e.g.* (*id.* at 11 (asserting that the 10th Circuit Court of Appeals deputy clerk is a "racist Hispanic … DEI-hire" who "hate[s] all white people … and will use her power to deny due process to white people"). While she saves her most vitriolic

remarks for others, Plaintiff also directs some of her personal attacks against the undersigned, who she asserts "kowtow[s] to the Hispanic agenda in order to have a career." (*Id.* at 9). She further asserts that the undersigned "lack[s] the backbone to enforce [her] constitutional rights," and is the reason "she is now living out of her vehicle in a different state." (Doc. 48 at 10). Plaintiff says that she "hopes that [the undersigned] will think of her in the coldest and bitterest weather this winter, and recognize that she is freezing her ass off in her car because he denied her due process and equal protection. THIS is why America is in constitutional crisis!" (*Id.* at 10-11).

To echo Plaintiff's own words, "[e]nough is enough." (Doc. 58 at 3). The United States Supreme Court has said that "[t]he right of self-representation is not a license to abuse the dignity of the courtroom." *Faretta*, 422 U.S. at 835 n. 46. The Court has the inherent authority to protect the integrity of its proceedings. *See Farmer v. Banco Popular of N. Am.,* 791 F.3d 1246, 1255 (10th Cir. 2015). As the Tenth Circuit said about a pro se plaintiff's briefing in a case before that court:

> Plaintiff's briefs on appeal do little more than attempt to impugn (without basis) the integrity of the district judge. Such writings are intolerable, and we will not tolerate them. "Due to the very nature of the court as an institution, it must and does have an inherent power to impose order, respect, decorum, silence, and compliance with lawful mandates. This power is organic, without need of a statute or rule for its definition, and it is necessary to the exercise of all other powers." [citation omitted]. "[I]f the complaint or other pleadings are abusive or contain offensive language, they may be stricken *sua sponte* under the inherent powers of the court." …. In *Theriault v. Silber*, 579 F.2d 302 (5th Cir. 1978), the court dismissed an appeal with prejudice because the appellant's notice of appeal contained "vile and insulting references to the trial judge." Although recognizing the leniency typically given to pro se plaintiffs, the court stated: "This court simply will not allow liberal pleading rules and pro se practice to be a vehicle for abusive documents. Our pro se practice is a shield against the technical requirements of a past age; it is not a sword with which to insult a trial judge." *Id.* at 303. *See also Carrigan v. California State Legislature*, 263 F.2d 560, 564 (9th Cir. 1959) ("Perhaps the easiest

> procedure in this case would be to dismiss the entire appeal as frivolous, and strike the briefs and pleadings filed by appellant ... as either scandalous, impertinent, scurrilous, and/or without relevancy. Undoubtedly such action would be justified by this Court.") A like response is called for in this case.

*Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005).

Plaintiff was previously warned that the Court would not tolerate future filings that contained "improper, and frankly offensive, rhetoric" like that found in Plaintiff's motion for leave to file electronically. (Doc. 9 at 2 (quoting offensive language in Doc. 8)). The Court forewarned Plaintiff "that future filings containing vexatious, abusive, or harassing language will be rejected for filing and returned to her, or, if filed electronically, stricken from the docket with possible revocation of this order allowing Plaintiff to file electronically." (*Id.*). Despite the Court's previous warning, Plaintiff has continued to make ad hominem attacks directed at this Court, other judges, various government officials, and individuals/parties involved in these proceedings. The Court therefore is warranted in striking the motions, and any other filings by Plaintiff, containing "scurrilous, offensive and objectionable allegations," whether leveled at judges of this District, opposing parties or counsel, state court judges, or other government officials. *See, e.g., Skolnick v. Hallett*, 350 F.2d 861, 862 (7th Cir. 1965); *see also Matter of Lisse,* 921 F.3d 629, 644 (7th Cir. 2019) ("Flippant, unfounded accusations of misconduct and fraud by opposing counsel and court officials demean the profession and impair the orderly operation of the judicial system."); *Carraro v. Allstate Ins. Co*., No. 21-CV-00646-JCH-LF, 2023 WL 3244321, at *4 (D.N.M. May 4, 2023) (stating that the pro se plaintiff's filings were "approaching sanctionable conduct" in their "objectively unreasonable" and "factually unfounded accusations of conspiracy"; "[g]oing forward, the Court will not tolerate frivolous filings and accusations … unless they are supported by some indicia of evidence"); *Welsh v. Steinmetz*, No. CIV 84-1846, 1984 WL 13132, at *5–6 (D.N.M. Dec. 20, 1984) ("The plaintiff in this matter has a responsibility to omit false and

scandalous material from his complaints and any other documents he submits to the court. He is not excused from this responsibility merely because he is a pro se litigant." (internal citations omitted)). If Plaintiff were an attorney she "would be subject to disciplinary action by this court as provided in Rule 11 of the Federal Rules of Civil Procedure. Rule 11 also allows the court to strike pleadings that are interposed for delay, are false or contain scandalous material. An attorney who willfully violates Rule 11 also may be subjected to appropriate disciplinary action. Rule 11, however, does not provide for disciplinary action of pro se litigants." *Welsh*, 1984 WL 13132, at *5 (internal quotation marks omitted) (citing C. Wright and A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1331 at 495 (1969 and 1982 Supp.)). The filings discussed herein contain scurrilous, offensive, and objectionable ad hominin attacks, and therefore will be stricken.

**C. REVOCATION OF ELECTRONIC FILING PRIVILEGES**

To electronically file documents in this District, pro se parties must obtain permission from the Court. *See* DISTRICT OF NEW MEXICO'S CM/ECF ADMINISTRATIVE PROCEDURES MANUAL at 4; GUIDE FOR PRO SE LITIGANTS at 13. This rule is in accord with how access to electronic filing by pro se parties is generally treated in federal court: as a privilege, not a right. *See, e.g., McMahon v. Cleveland Clinic Found. Police Dep't*, 455 F. App'x 874, 878 (11th Cir. 2011) (per curiam) (affirming denial of CM/ECF access for pro se litigant because there was "no good cause under the circumstances of the case to authorize his access"); *Dahdah v. Virgin Islands Dep't of Hum. Servs*., 350 F.R.D. 481, 495–96 (D.V.I. 2025) (noting that the court has the sole discretion under Local Rules to grant a pro se party permission to file electronically "and may revoke such permission when the privilege is abused by excessive filings that are frivolous, vexatious, or harassing"). "The general rule disallowing pro se parties to file directly using CM/ECF exists, in part, because both the history and experience of the Court demonstrate that granting pro se parties access to direct filing in CM/ECF results in an increased burden to the Clerk's Office and Court

personnel. At a bare minimum, the Court and the Clerk's Office must monitor whether filings entered via CM/ECF are properly entered on the docket." *Graham v. PNC Bank*, No. 5:26-CV-00054-AGM-PRL, 2026 WL 1284491, at *1 (M.D. Fla. May 11, 2026). Beyond that problem, granting pro se parties access to direct filing in CM/ECF often "results in a needless increase in frivolous filings." *Id.*

Shortly after this case was removed, Plaintiff sought permission to file electronically, stating that she does not have access to printing or to U.S. postal mail "due to [her] disabilities and the remote area where [she] live[s]." (Doc. 8-1). Sympathetic to Plaintiff's situation, the Court granted Plaintiff's request, but stated that permission to file electronically would be revoked if she abuses the privilege "or fails to comply with the rules and procedures in the District of New Mexico's GUIDE FOR PRO SE LITIGANTS and the District of New Mexico's CM/ECF ADMINISTRATIVE PROCEDURES MANUAL." (Doc. 9 at 1). Of note, the Court's order stated that it was granting Plaintiff's motion for permission to file electronically "notwithstanding the "improper, and frankly offensive, rhetoric contained in the" motion, such as her characterizations of the Court's rules as "bullsh*t," lawyers as "thieving," and the Court as a "Kangaroo Court." (Doc. 9 at 2 (quoting Doc. 8)). Plaintiff certainly has the right of access to the courts, but that right "is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Sieverding v. Colo. Bar Ass'n,* 469 F.3d 1340, 1343 (10th Cir. 2006). The Court has "the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Id.* "Even onerous conditions may be imposed upon a litigant as long as they are designed to assist the court in curbing the particular abusive behavior involved, except that they cannot be so burdensome as to deny a litigant meaningful access to the Courts." *Landrith v. Schmidt*, 732 F.3d

1171, 1174 (10th Cir. 2013). Electronic filing is a privilege, and along with that privilege is the expectation that the filer will comport herself in a professional manner, in addition to complying with the guidelines for electronic filing set forth in the CM/ECF ADMINISTRATIVE GUIDELINES.

The Court is mindful that Plaintiff may be unhappy with Defendant's actions giving rise to this case, and may disagree with the decisions of the Court. But her dissatisfaction does not excuse Plaintiff's conduct. Plaintiff has ignored previous warnings about her conduct. Therefore, the Court has no reason to believe that another warning will do any good. Given Plaintiff's filings in this and other cases, it is obvious that Plaintiff will not conduct herself in a professional and courteous manner. The Court therefore will vacate its previous order granting permission to file electronically, and direct the Clerk of Court to take the steps necessary to revoke Plaintiff's electronic filing privileges. *See, e.g., Pleasant v. Arts & Humans. Council of Tulsa, Inc.*, No. 23-CV-37-TCK-JFJ, 2023 WL 2767781, at *7 (N.D. Okla. Mar. 31, 2023) (denying motion for permission to file electronically, citing the vexatiousness of the pro se plaintiff's filings, as well as her abusive and obstreperous conduct toward others involved in the case, particularly those who are merely doing their jobs, such as attorneys and court staff); *Drevaleva v. Dep't of Veterans Affs.*, No. 21-CV-761 WJ-JFR, 2021 WL 4168600, at *3 (D.N.M. Sept. 14, 2021) (denying motion for permission to file electronically where permission to file electronically had been granted prior to the case being transferred to this District but where the pro se plaintiff's "conduct thus far in this District [ ] demonstrates a headstrong refusal to familiarize herself and comply with the rules of this Court"). Plaintiff is directed to ensure that the Clerk's Office has a current mailing address for her, and is forewarned that failure to provide one may result in Plaintiff's claims being dismissed without further notice. Plaintiff is also forewarned that if she makes any further filings that are contrary to this Order, and/or that contain frivolous or vexatious arguments or statements, the

Court will recommend that the presiding judge impose filing restrictions in this matter. Such filing restrictions may include a prohibition, with limited exceptions, on any further filings and a direction to the Clerk of Court to not file any additional submissions by Plaintiff unless a licensed attorney who is admitted to practice before this Cout and has appeared in the action signs the proposed filing.

**CONCLUSION**

For the foregoing reasons, the Court, without prejudice, **STRIKES** Plaintiff's Appendix (**Doc. 42); STRIKES** Plaintiff's Declaration Of New Acts Of Discrimination And Denial Of Equal Protection (**Doc. 43**); **STRIKES** Plaintiff's Motion For Change Of District (**Doc. 48**); **STRIKES** Plaintiff's Motion For Transfer To State Court (**Doc. 56**); **STRIKES** Plaintiff's Proposed First Amended Complaint (**Docs. 58)**; **STRIKES** Plaintiff's Second Motion To Amend Complaint (**Doc. 58-1)**; and **STRIKES** Plaintiff's Petition For Writ of Mandamus To Prevent Miscarriage of Justice (**Doc. 61**).

Furthermore, the Court **VACATES** the Order Granting Motion To File Electronically (**Doc. 9)**, and directs the Clerk of Court to take whatever steps are necessary to **REVOKE** Plaintiff's CM/ECF electronic filing privileges.

IT IS SO ORDERED this 18th day of September, 2026.

Kevin Sweazea

KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE